# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUADEERAH CAMPBELL, | Civil Action No. |
| Plaintiff, | 18-14245 (MCA) (LDW) |
| v. | **REPORT & RECOMMENDATION** |
| NCB MANAGEMENT SERVICES, INC., | |
| Defendant. | |

## **LEDA DUNN WETTRE, United States Magistrate Judge**

This matter, having been opened by the Court *sua sponte* based on the failure of plaintiff Quadeerah Campbell's to comply with the Court's February 13, 2019 Order to Show Cause (ECF No. 5), and for good cause shown, it is respectfully recommended that plaintiff's Complaint be stricken and that the case be dismissed without prejudice.

## **BACKGROUND**

Plaintiff commenced this action by counsel on August 31, 2018 in the Superior Court of New Jersey, Passaic County, Law Division. *See* ECF No. 1-2. Plaintiff sought $800 in damages for a "violation of defamation and financial injury, requesting removal of derogatory debt from all 3 credit bureaus: Transunion, Equifax, and Experian." *Id.* Defendant removed the action to this Court on September 25, 2018, asserting plaintiff's claim arose under the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* and the Fair Credit Reporting Act, 15 U.S.C. § 1681. ECF No. 1.

The Court issued a Pretrial Scheduling Order that required the parties to appear for an in-person conference before the undersigned on February 13, 2019. ECF No. 4. After plaintiff failed to appear for that conference, the Court issued an Order directing plaintiff to appear in person on

March 20, 2019, and to show cause why default should not be entered against him and his Complaint stricken under Federal Rule of Civil Procedure 16(f). ECF No. 23. Plaintiff did not appear and did not contact the Court to request an adjournment or explain his absence.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes the Court to strike a party's pleading or dismiss an action as sanction for failure to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A). Rule 16(f) empowers the Court to impose the same sanctions against a party who fails to comply with a pretrial order. Fed. R. Civ. P. 16(f)(1); *see also Ramada Worldwide, Inc. v. Veer Enters., LLC*, Civ. No. 10-6480 (ES), 2013 WL 1314451, at *2 (D.N.J. Mar. 28, 2013).

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim. *Id.* at 868. The *Poulis* factors are:

(1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 & n.5 (3d Cir. 2013); *Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Hogan*, 536 F. App'x at 212; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Fed. R. Civ. P. 16(f). *See* Fed. R. Civ. P. 16(f)(1) ("On motion *or on its own*,

the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order."); *Mindek*, 964 F.2d at 1372–75; *Foreman v. Previziz*, Civ. No. 13-5807 (SDW), 2015 WL 1931453, at *1–2 (D.N.J. Apr. 27, 2015).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that plaintiff alone is responsible for his failure to comply with this Court's Orders to appear for the in-person conference and Order to Show Cause hearing. Plaintiff was served with the Court's Orders at the address he provided to the Superior Court when he filed the initial Complaint in this action. ECF No. 1-2.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in this case and to comply with this Court's Orders has prejudiced defendant's ability to defend itself in this action. The Third Circuit holds that prejudice in this context does not mean "irremediable harm," but the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, given plaintiff's failure to appear and communicate with this Court, defendants are prevented from presenting their defenses and concluding the action.

**3. History of Dilatoriness.** Plaintiff has repeatedly failed to respond to this Court's Orders, and thus has demonstrated a history of dilatoriness.

**4. Willfulness or Bad Faith.** Having no information about the reasons for plaintiff's unresponsiveness, the Court cannot assess the willfulness of plaintiff's conduct or conclude whether it was undertaken in bad faith.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite several opportunities, and this Court's warning of

the consequences of his continued inaction, plaintiff has failed to participate in his case. On these facts, no lesser sanction would be effective. *See Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008).

**6. Meritoriousness of the Claims.** Given the preliminary stage of the action when plaintiff became unresponsive, the Court is unable to determine the potential merit of plaintiff's claims. The Court, therefore, declines to consider this factor in its recommendation.

In sum, plaintiff has ignored multiple Court Orders, including an Order to Show Cause why his case should not be dismissed, which demonstrates a pattern of non-compliance and dilatoriness. Plaintiff's failure in this regard establishes his inability or refusal to comply with pretrial orders and his failure to adequately prosecute this matter.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's Complaint be stricken and the matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 16(f)(1) and 37(b)(2)(A). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

Dated: March 20, 2019

*Leda D. Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

4